UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE DIXON, | Case No.: 1:13-cv-01234-AWI-JLT |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION  (Doc. 16) |
| v. | |
| ATTORNEY GENERAL OF CALIFORNIA et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on August 8, 2013.  (Doc. 1).  On September 4, 2013, Petitioner requested appointment of counsel.  (Doc. 11).  On September 6, 2013, Petitioner filed a second motion for appointment of counsel.  (Doc. 13).  Both motions argued that counsel was required because of Petitioner's lack of training in the law.  On September 9, 2013, the Magistrate Judge denied the September 4, 2013 motion (Doc. 14), and on September 12, 2013, the Court denied Petitioner's September 6, 2013 motion.  On September 23, 2013, Petitioner filed the instant motion to reconsider the Court's September 12, 2013 denial.  (Doc. 16).  In that motion, Petitioner contends, for the first time, that he suffers from mental problems, including schizophrenia and delusions, which require appointment of counsel.  For the following reasons, the Court will deny Petitioner's motion for

reconsideration.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Here, obviously, the case is not in a procedural posture where any "final orders of the district court" have been issued; hence, Rule 60(b) is inapplicable.  Rather, the governing rule is Local Rule 230(j), which requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet the requirements of Local Rule 230(j).  Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion."  Local Rule 230(j). (Emphasis supplied).  Clearly, any mental disabilities upon which Petitioner bases this motion already existed at the time Petitioner filed his two prior motions for extensions of time.  Yet Petitioner's mental condition was never raised in those prior motions.  Moreover, the medical records Petitioner has attached to his motion for reconsideration indicate that, although Petitioner has been diagnosed with a mental disability, including schizophrenia and antisocial personality disorder, Petitioner has been ordered to take certain psychiatric medications that, if taken regularly, will mitigate the symptoms of his

disability. The records also indicate that Petitioner apparently has either refused to take his medications or regularly attempts to induce the medical staff to reduce the dosage of his medications. Nothing, however, in the documents submitted by Petitioner suggests that Petitioner's mental condition precludes him from understanding the issues in this case or that he cannot proceed pro se notwithstanding his limited legal understanding, a circumstance that is true for almost all of the inmate-petitioners on this Court's docket.

Finally, it bears mention that, procedurally, Respondent has been ordered to file a response, which is due on or about October 15, 2013. (Doc. 8). At that point, Petitioner will have the opportunity to file a Traverse. However, no Traverse is actually required of Petitioner; the Court may proceed to a decision with only the petition and the Answer. The Court also notes that the petition challenges the results of a prison disciplinary proceeding, a type of habeas claim that does not normally involve difficult or complicated issues of federal habeas law. Additionally, as with all habeas corpus cases, the Court's final decision to grant or deny the petition is essentially a question of law based upon the legal issues already framed in the petition, and that will be decided upon undisputed facts in the record. Both are circumstances that reduce or eliminate the need for appointed counsel at this advanced stage of the proceedings.

In sum, Petitioner has failed to establish that "the interests of justice" require the appointment of counsel. The Court will, of course, continue to monitor the case's progress, as it does with all habeas cases, and if circumstances change in such a way that "the interests of justice" do require appointment of counsel, the Court will revisit the issue.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 16), is DENIED.

IT IS SO ORDERED.

Dated:   **September 26, 2013**          /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE