1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

BENNIE DIXON,

12

Petitioner,

13

v.

14

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION

15

et al.,

16

Respondents.

17

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:13-cv-01234-AWI-JLT

FINDINGS AND RECOMMENDATIONS RE:
RESPONDENT'S MOTION TO DISMISS FIRST
AMENDED PETITION FOR WRIT OF HABEAS
CORPUS  (Doc. 18)

ORDER DIRECTING THAT OBJECTIONS BE
FILED WITHIN TWENTY-ONE DAYS

18

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19

corpus pursuant to 28 U.S.C. § 2254.

20

**PROCEDURAL HISTORY**

21

The instant petition was filed on August 8, 2013, challenging the results of a prison disciplinary

22

hearing following which Petitioner was found guilty of masturbation with exposure and sanctioned

23

with the loss of 90 days' credits.  (Doc. 1).  On August 19, 2013, Petitioner filed a first amended

24

petition.  (Doc. 4).  The Court ordered Respondent to file a response on August 26, 2013.  (Doc. 8).

25

On October 2, 2013, Respondent filed the instant motion to dismiss, contending that the Court lacked

26

jurisdiction over the petition.  (Doc. 18).  On October 15, 2013, Petitioner filed his Traverse and an

27

opposition to the motion to dismiss.  (Docs. 19 & 20).

28

1

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition for lack of jurisdiction. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on the contention that the Court lacks jurisdiction over the habeas petition.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Lack of Habeas Jurisdiction.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   Indeed, claims challenging the validity of a prisoner's continued

incarceration, including the fact or length of the custody, lie within the "heart of habeas corpus" and are

cognizable only in federal habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99, 499 n.14 (1973).

In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the

conditions of prison life but not the fact or length of the custody.  <u>McCarthy v. Bronson</u>, 500 U.S. 136,

141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).

With respect to prison disciplinary proceedings, it is established that a constitutional claim

concerning the application of rules administered by a prison or penal administrator that challenges the

duration of a sentence is a cognizable claim of being in custody in violation of the Constitution

pursuant to 28 U.S.C. § 2254.  <u>See</u>, <u>e.g.</u>, <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985) (determining

a procedural due process claim concerning loss of time credits resulting from disciplinary procedures

and findings).  The Supreme Court has held that challenges to prison disciplinary adjudications that

have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a §

1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the

relief sought is a determination of entitlement of immediate or speedier release.  <u>Preiser v. Rodriguez</u>,

411 U.S. 475, 500.

The Supreme Court's decisions concerning any boundaries between habeas jurisdiction and §

1983 jurisdiction have been rendered in cases involving § 1983 proceedings.  Thus, it is established that

regardless of the precise relief sought, an action pursuant to § 1983 concerning prison administrative

processes is barred if success in the action would necessarily demonstrate the invalidity of the

confinement or its duration, or necessarily imply the invalidity of a conviction or sentence.  <u>Wilkinson</u>

<u>v. Dotson</u>, 544 U.S. 74, 81-82 (2005) (parole processes).  However, the limits on habeas jurisdiction, or

the appropriate extent of any overlap between habeas and § 1983, have not been definitively addressed

by the Supreme Court.  The Supreme Court has adverted to the possibility of habeas as a potential

alternative remedy to an action under § 1983 for unspecified additional and unconstitutional restraints

during lawful custody, <u>Preiser v. Rodriguez</u>, 411 U.S. at 499-500, but it has declined to address whether

a writ of habeas corpus may be used to challenge conditions of confinement as distinct from the fact or

length of confinement itself.  <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 527 n.6 (1979).  Nevertheless, the

Court continues to recognize a "core" of habeas corpus that refers to suits where success would

3

1  inevitably affect the legality or duration of confinement.  For example, in <u>Wilkinson</u>, the Court noted

2  that if success on a claim would mean at most a new opportunity for review of parole eligibility, or a

3  new parole hearing at which authorities could discretionarily decline to shorten a prison term, then

4  success would not inevitably lead to release, and the suit would not lie at the core of habeas corpus.

5  <u>Wilkinson</u>, 544 U.S. at 82.

6         Here, Petitioner does not contend that the hearing officer's conclusion was not based on

7  "some" evidence; rather, Petitioner argues that Respondent failed to submit a mental health evaluation

8  within the fifteen-day period provided by state regulations.  Respondent contends that such a violation,

9  even if true, fails to rise to the level of a constitutional violation that confers habeas jurisdiction on this

10 Court.  The Court agrees with Respondent.

11        Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

12 diminished by the needs and objectives of the institutional environment.  <u>Wolff v. McDonnell</u>, 418 U.S.

13 539, 555, 94 S. Ct. 2963 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution,

14 so a prisoner is not afforded the full panoply of rights in such proceedings.  <u>Id</u>. at 556.  Thus, a

15 prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  <u>Bostic</u>

16 <u>v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), citing <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-

17 455, 105 S. Ct. 2768 (1984).

18        However, when a prison disciplinary proceeding may result in the loss of good time credits,

19 due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

20 disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

21 goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement

22 by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  <u>Hill</u>, 472 U.S.

23 at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by

24 "some evidence."  <u>Hill</u>, 472 U.S. at 455, citing <u>United States ex rel. Vatauer v. Commissioner of</u>

25 <u>Immigration</u>, 273 U.S. 103, 106 (1927).

26        We hold that the requirements of due process are satisfied if some evidence supports the
        decision by the prison disciplinary board to revoke good time credits. This standard is met if
27       "there was some evidence from which the conclusion of the administrative tribunal could be
        deduced...." <u>United States ex rel. Vajtauer v. Commissioner of Immigration</u>, 273 U.S., at 106,
28       47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of

4

1   the entire record, independent assessment of the credibility of witnesses, or weighing of the
2   evidence. Instead, the relevant question is whether there is any evidence in the record that
    could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel.
3   Tisi v. Tod, 264 U.S. 131, 133–134, 44 S.Ct. 260, 260–261, 68 L.Ed. 590 (1924); Willis v.
    Ciccone, 506 F.2d 1011, 1018 (C.A.8 1974).

4   Superintendent v. Hill, 472 U.S. at 455–56. The Constitution does not require that the evidence

5   logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather,

6   there need only be some evidence in order to ensure that there was some basis in fact for the decision.

7   Superintendent v. Hill, 472 U.S. at 457.

8           Here, as mentioned, Petitioner does not contend any of these basic due process requirements

9   were absent.  Rather, Petitioner contends that a mental health evaluation was not submitted until 22

10  days after the rules violation report was issued, which is seven days beyond the 15-day window

11  provided by state regulations.

12          As Respondent correctly points out, because Petitioner was receiving mental health services at

13  the time of his rule infraction, a clinical staff member of the prison was required to complete a mental

14  health assessment of Petitioner within 15-days of the issuance of the rules violation report, in order to

15  address the impact, if any, that Petitioner's mental health might have played in the incident giving rise

16  to the rules violation report.

17          Petitioner does not cite, and the Court is not aware, of any "clearly established federal law" that

18  a state inmate who is subject to a prison disciplinary proceeding has a federal due process right to a

19  mental health examination within any specific time period.  In the prison discipline context, none of the

20  cases cited by the parties holds that a state inmate's due process rights are violated when the prison

21  staff fails to provide a timely mental health assessment.  If established, such a defect in the proceedings

22  would raise, at most, an issue of state law, which, as mentioned previously, is insufficient to invoke this

23  Court's habeas jurisdiction.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times

24  that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497

25  U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J.,

26  concurring)("mere error of state law, one that does not rise to the level of a constitutional violation,

27  may not be corrected on federal habeas").

28  ///

5

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 18), be GRANTED and that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **November 25, 2013**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

6